

# The Attorney General of Texas

November 2, 1984

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

11 Texas, Suite 700
Juston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Henry Wade
District Attorney
Condemnation Section
Services Building
Dallas, Texas    75202

Opinion No. JM-223

Re: County clerk's fee for filing and recording a certificate of service under the probate code

Dear Mr. Wade:

You have requested our opinion regarding fees of office which the county clerk may collect in certain probate matters. Specifically, you have asked what fees the county clerk is authorized to charge for the filing of certain documents generated as a consequence of escheat of a portion of the deceased's estate to the state of Texas.

You ask whether the county clerk may charge a $4.00 fee for filing and recording a certificate of service executed pursuant to section 428 of the Texas Probate Code. Section 428 requires the clerk of the probate court to mail a certified copy of the court escheat order to the state treasurer. The clerk is required under section 428 to record a certificate from the postmaster stating that such a certified copy of court order was properly mailed to the state treasurer. Section 428 provides:

> Whenever an order shall be made by the court for an executor or an administrator to pay any funds to the State Treasurer under the preceeding provisions of this Code, the clerk of the court in which such order is made shall mail to the State Treasurer a certified copy of such order within thirty days after the same has been made. Whenever the clerk mails such copy, he shall take from the postmaster with whom it is mailed a certificate stating that such certified copy was mailed in his office, addressed to the State Treasurer at Austin, Texas, and the date when it was mailed, and shall record such certificate.

You have also asked what fee, if any, the county clerk is required to collect for recording the receipt filed by an administrator of an estate pursuant to section 430, which provides:

p. 1001

> Whenever an executor or administrator pays the State Treasurer any funds of the estate he represents, under the preceeding provisions of this Code, he shall take from the State Treasurer a receipt for such payment, with official seal attached, and shall file the same with the clerk of the court ordering such payment; and such receipt shall be recorded in the minutes of the court.

And third, you have asked what fee may be collected for certifying a copy of the court's escheat order as is required under section 428.

It is the court clerk's legal duty to make the certification and record the certificate as is required by section 428. The administrator of the estate does not request the certification under section 428, nor offer for filing the certificate. The administrator does, however, present for filing and recording the receipt of payment from the state treasurer under section 430. A prior opinion of this office concluded that the state treasurer was not required to pay any fees to the county clerk for the certification required under section 428 of a court order transmitted to the state treasurer's office. Attorney General Opinion M-170 (1967). This opinion reasoned that the section 428 certification was not a "service rendered" for purposes of the county clerk fee statutes, articles 3930 and 3930(b), V.T.C.S. The certification and certificate filing under section 428, we believe, are internal procedures in the county clerk's office and are not subject to the county clerk fee statutes which specify the fees for "services rendered." V.T.C.S. arts. 3930, 3930(b).

The probate fees permitted to be collected by the county clerk are set by article 3930(b). A general probate fee for the administration of an estate is $35.00, which fee covers the required issuance of all writs, process and

> all other instruments, documents, or papers authorized, permitted or required to be issued by said county clerk or said clerk of probate courts on which a return must be recorded. . . .

V.T.C.S. art. 3930(b), §1B(1). This general fee includes "all other clerical duties in connection with such probate court docket." Id. We believe therefore that the general fee required for the filing and administration of an estate covers the certification of the court order required by section 428 and the recording of the certificate that such certified copy has been mailed to the state treasurer. With regard to the filing of the receipt by the administrator, however, we believe that the county clerk may collect the fee specified by article 3930(b), section 1B(1)(b)(1), which provides for the fee for filing

and recording legal documents and instruments in an open probate docket.

### S U M M A R Y

A fee may not be collected by a probate court clerk for certifying a court order or filing a certificate as required under section 428 of the Probate Code. A filing fee may be collected for the filing by an administrator of his receipt from the state treasurer of the escheat payment.

Very truly yours

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Nancy Sutton